HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARIA GORDILLO,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CASCADE CORPORATION.<br><br>　　　　　　Defendant. | Case No. C05-5013RBL<br><br>ORDER STATISTICALLY<br>TERMINATING CASE |

　　　This matter is before the court on Defendant Cascade Corporation's Motion to Add as a new Defendant the Plaintiff's attorney, Arthur Miller, and to assert a Cross Claim against him for constructive trust. [Dkt. #24]. The Court has also been informed of Plaintiff's Bankruptcy filing.

　　　The underlying case involves a automobile accident involving Plaintiff Gordillo. Cascade, an ERISA qualified health plan, paid a significant sum in medical benefits on her behalf. Apparently, Gordillo also received settlements from various third party sources. Some of these sums remain in her attorney's trust account.

　　　Plaintiff brought this Declaratory Judgment Action, seeking a Declaration that she has not been "fully compensated within the meaning of *Theringer v. Am. Motorists Ins.Co.*, 91 Wn.2d 215 (1978). She did so because Cascade sought from her reimbursement for the amounts it had paid on her behalf. Cascade now seeks to add as a defendant in this action Gordillo's attorney, Arthur Miller, and to impose a constructive trust on the sums he holds for her, apparently in an effort to ensure such reimbursement if it in fact ultimately prevails.

Gordillo opposes this tactic, arguing persuasively that in the absence of a breach of fiduciary duty and "ill gotten gain," the 9th Circuit consistently refuses to impose such a remedy. More specifically, it has not done so where one receives benefits under an ERISA plan, as Gordillo has here. *See*, for example, *Carpenters' Health & Welfare Trust v. Vonderharr,* 384 F.3d 667 (9th Cir. 2004). Cascade has not filed a Reply.

Additionally, just prior to Responding to the Defendants Motion, the Plaintiff filed a Chapter 7 petition in the bankruptcy court. Accordingly, the case is stayed, and may remain inactive for some period of time. Accordingly, the Court will statistically terminate the case.

This termination is intended solely to remove this matter from the court's docket of active pending cases in order to alleviate congestion of the court's docket. At such time as the parties deem this litigation to be in a posture to proceed before this court, they shall file a motion to reopen and the matter will proceed. The motion to reopen shall be filed in the above-referenced cause number, no new case need be filed nor will additional filing fees be required. For purposes of statutes of limitations, the court deems the filing date of this litigation to be and to remain the original filing date of the above-entitled case.

All pending motions (including Dkt. #24), deadlines and hearings, if any, shall be stricken as moot.

DATED this 26th day of August, 2005

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER
Page - 2